UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DAVID W. KETCHUM, JR., #579069 | |
| Petitioner, | Case No. 15-cv-12584 |
| | Honorable Laurie J. Michelson |
| v. | |
| SHERRY BURT, | |
| Respondent. | |

**ORDER DISMISSING CASE, DENYING MOTION FOR APPOINTMENT OF COUNSEL [1], AND DENYING MOTION TO COMPEL [7]**

Michigan prisoner David W. Ketchum, Jr. filed a "Pre-petition Application for Appointment of Counsel Motion" on July 7, 2015. (Dkt. 1.) The motion implies that Ketchum intended to initiate a habeas corpus proceeding pursuant to 28 U.S.C. § 2254. However, Ketchum did not submit a petition for a writ of habeas corpus in compliance with the Federal Rules of Civil Procedure and the Federal Habeas Rules—indeed, he stated that his motion "shall not be misconstrued as a writ for habeas corpus. . . ." (*Id.* at PageID 3.)  The Court therefore issued a deficiency order on July 30, 2015 requiring Ketchum to submit a habeas petition within 30 days of the filing date of the order.  The order provided that if he did not do so, his case would be dismissed.  The time for submitting the habeas petition has elapsed and Ketchum has failed to correct the deficiency.  Instead, in response to the Court's deficiency order, Ketchum filed objections (Dkt. 5) and a motion to compel (Dkt, 6), again seeking the appointment of counsel prior to the filing of a habeas petition.

It is well-established that a party must file a complaint to institute a civil action in federal court.  The Federal Rules of Civil Procedure provide that "[a] civil action is commenced by

filing a complaint with the court." Fed. R. Civ. P. 3. Prior to the filing of a complaint, "an action has not 'commenced' within the meaning of the Federal Rules" and the Court lacks subject matter jurisdiction to grant relief against any named defendants. *Lusick v. City of Philadelphia*, No. 12-cv-5150, 2013 WL 1187064, at *2 (E.D. Pa. March 21, 2013); s*ee also Gibson v. Department of Corrections*, No. 5:07-cv-255-RS-EMT, 2007 WL 3170688, at *1 (N.D. Fla. Oct. 30, 2007) (stating that a party "cannot commence a civil action by filing a motion"); *Luna v. Ford Motor Co.,* No. 3:06-0658, 2007 WL 837237, at *2 (M.D. Tenn. March 14, 2007) ("Prior to the filing of a complaint a court lacks subject matter jurisdiction and is powerless to grant preliminary injunctive relief.").

The United States Supreme Court has held that a habeas suit "begins with the filing of an application for habeas corpus relief—the equivalent of a complaint in an ordinary civil case." *Woodford v. Garceau*, 538 U.S. 202, 208 (2003). Habeas petitioners must meet the heightened pleading standards set forth in the Rules Governing Section 2254 Cases. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). Those rules provide, in relevant part, that a habeas petition must:

> (1) specify all the grounds for relief available to the petitioner;

> (2) state the facts supporting each ground;

> (3) state the relief requested;

Rule 2(c), Rules Governing Section 2254 Cases. Additionally, the petition must "substantially follow either the form appended to [the habeas] rules or a form prescribed by a local district court rule." Rule 2(d), Rules Governing Section 2254 Cases. "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'" *Mayle v. Felix*, 545 U.S. 644, 656 (2005) (citation omitted). The Court has authority

to dismiss before service any petition in which it plainly appears that the petitioner is not entitled to relief.  Rule 4, Rules Governing Section 2254 Cases.

Petitioner's current pleadings do not meet the foregoing standards.  He has also failed to correct the deficiency by submitting a habeas petition as required by the Court's prior order.  The Court is consequently unable to perform its obligations under Rule 4 to preliminarily review the case.[1]  Accordingly, the Court shall dismiss this case for failure to comply with the Federal Rules of Civil Procedure and the Rules Governing Section 2254 Cases.

Moreover, contrary to Petitioner's assertion, he is not entitled to the appointment of counsel prior to the filing of a habeas petition.  Petitioner has no absolute right to be represented by counsel on habeas review. "The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require." *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986); *see also Lavado v. Keohane*, 992 F.2d 601, 604–05 (6th Cir. 1993); *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) ("[A]ppointment of counsel in a civil case is . . . a matter within the discretion of the court.  It is a privilege and not a right."). The appointment of counsel in a habeas proceeding is mandatory only if the district court determines that an evidentiary hearing is required. *Lemeshko v. Wrona*, 325 F.Supp.2d 778, 787 (E.D. Mich. 2004). But without a Petition being filed, no civil case exists–and the Court cannot appoint counsel.

Accordingly, for the reasons stated, the Court **DISMISSES** this case.  This dismissal is without prejudice to Petitioner instituting a new civil action by filing a habeas petition under 28

---

[1]The Court notes that Petitioner previously filed a habeas petition with this Court which was dismissed without prejudice on exhaustion grounds. *Ketchum v. Burt*, No. 2:15-CV-10763 (E.D. Mich. April 14, 2015) (Murphy, J.).

U.S.C. § 2254.  The Court makes no determination as to the procedural or substantive merits of any such petition.  Additionally, given this determination, the Court **DENIES** Petitioner's motions for pre-petition appointment of counsel (Dkt. 1) and to compel (Dkt. 7).

**IT IS SO ORDERED**.

s/Laurie J. Michelson
LAURIE J. MICHELSON
United States District Judge

Dated: October 23, 2015

## PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 23, 2015.

s/K. Winslow
CASE   MANAGER   GENERALIST   and
DEPUTY CLERK

4